# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE TO COUNSEL
**(For use in Direct Assignment of Civil Cases to Magistrate Judges Program only)**

***The court has directed that the following rules be specifically called to your attention:***

  I.  Notice of Right to Consent to Disposition of a Civil Case by a United States Magistrate Judge
    [28 U.S.C. § 636(c) and General Order 12−02].
  II.  Continuing Obligation to Report Related Cases (Local Rule 83−1.3.3)
  III.  Service of Papers and Process (Local Rule 4)

## I.  NOTICE OF RIGHT TO CONSENT TO DISPOSITION OF A CIVIL CASE BY A UNITED STATES MAGISTRATE

*Pursuant to Local Rule 73−2, the initiating party must serve this notice and consent form CV−11C on each party at the time of service of the summons and complaint or other initial pleading.*

    This case has been randomly assigned to Magistrate Judge **John E. McDermott** under the Direct Assignment of Civil Cases to Magistrate Judges Program in accordance with General Order 12−02.  The case number on all documents filed with the court must read as follows:

### 2:18−cv−08459−JEM

    The parties are advised that their consent is required if the above assigned magistrate judge is to conduct all further proceedings in the case, including trial and final entry of judgment pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  Should the parties not consent to proceed before the above assigned magistrate judge, the case will be randomly reassigned to a district judge.  If this occurs, the parties cannot later consent to reassignment of the case to any other magistrate judge.

    **The parties are further advised that they are free to withhold consent without adverse substantive consequences.  If the parties agree to the exercise of jurisdiction by the magistrate judge, the parties shall jointly or separately file a statement of consent setting forth such election.  Except as provided in Local Rule 73−2.4.1.1, for cases originally filed in district court and initially assigned only to a magistrate judge, the statement of consent shall be filed within 42 days after service of the summons and complaint upon that defendant, and within 42 days by plaintiff after service upon the first−served defendant.  If the United States, an agency of the United States, or an officer or employee of the United States is a defendant, the statement of consent shall be filed by the government defendant within 60 days after service of the summons and complaint upon that defendant.**

    **For cases removed from state court and initially assigned only to a magistrate judge, a joint or separate statements of consent shall be filed by plaintiff and all defendants upon whom service has been effected, within 14 days after the notice of removal is filed.**

    Since magistrate judges do not handle felony criminal trials, civil trial dates are not at risk of being preempted by a felony criminal trial, which normally has priority.  Further, in some cases, the magistrate judge may be able to assign an earlier trial date than a district judge.  There may be other advantages or disadvantages which you will want to consider.

Any appeal from a judgment of the magistrate judge shall be taken to the United States Court of Appeals in the same manner as an appeal from any other judgment of the district court in accordance with 28 U.S.C. § 636(c)(3).

If a party has not consented to the exercise of jurisdiction by the magistrate judge within the time required by Local Rule 73–2, the case shall be randomly reassigned to a district judge and a magistrate judge shall be randomly assigned to the case as the discovery judge. (Local Rule 73–2.6)

You may contact the Civil Consent Case Coordinator at (213) 894–1871 or *consentcoordinator@cacd.uscourts.gov* if you have any questions about the Direct Assignment of Civil Cases to Magistrate Judges Program.

## II.     CONTINUING OBLIGATION TO REPORT RELATED CASES

Parties are under the continuing obligation to promptly advise the Court whenever one or more civil actions or proceedings previously commenced and one or more currently filed appear to be related.

Local Rule 83–1.3.3 states: "It shall be the continuing duty of the attorney in any case promptly to bring to the attention of the Court, by filing a Notice of Related Case(s) pursuant to Local Rule 83–1.3, all facts which in the opinion of the attorney or party appear relevant to a determination whether such action and one or more pending actions should, under the criteria and procedures set forth in Local Rule 83–1.3, be heard by the same judge."

Local Rule 83–1.2.1 states: "It is not permissible to dismiss and thereafter refile an action for the purpose of obtaining a different judge."

Local Rule 83–1.2.2 provides:  Whenever an action is dismissed by a party or by the Court before judgment and thereafter the same or essentially the same claims, involving the same or essentially the same parties, are alleged in another action, the later–filed action shall be assigned to the judge to whom the firstfiled action was assigned.  It shall be the duty of every attorney in any such later–filed action to bring those facts to the attention of the Court in the Civil Cover Sheet and by the filing of a Notice of Related Case(s) pursuant to L.R. 83–1.3.

## III.     SERVICE OF PAPERS AND PROCESS

Local Rule 4–2 states: "Except as otherwise provided by order of Court, or when required by the treaties or statutes of the United States, process shall not be presented to a United States Marshal for service."  Service of process must be accomplished in accordance with Rule 4 of the Federal Rules of Civil Procedure or in any manner provided by State Law, when applicable.  Service upon the United States, an officer or agency thereof, shall be served pursuant to the provisions of FRCP 4(i).  Service should be promptly made; unreasonable delay may result in dismissal of the action under Local Rule 41 and Rule 4(m) of the Federal Rules of Civil Procedure.  Proof of service or a waiver of service of summons and complaint must be filed with the court.

Clerk, U.S. District Court

  October 2, 2018  
Date

By  /s/ *Estrella Tamayo*  
Deputy Clerk